McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Jonathan W. Carlson
Nevada Bar No. 10536
  *jonathan.carlson@mccormickbarstow.com*
Mandy Vogel
Nevada Bar No. 16150
  *mandy.vogel@mccormickbarstow.com*
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone:    (702) 949-1100
Facsimile:    (702) 949-1101

McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner
California Bar No. 58553
(*Pro Hac Vice Pending*)
  *jim.wagoner@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California  93720
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Plaintiff
GEICO County Mutual Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| GEICO COUNTY MUTUAL INSURANCE COMPANY, a Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RYAN A. ANDERSON, an Individual; JONATHAN R. ANDERSON, an Individual; ALIXANDRIA BURTON as Special Administrator of the ESTATE OF WALTER R. ANDERSON; ANDREW JAMES RODRIGUEZ, an Individual,<br><br>Defendants. | Case No. TBD<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201(a)**<br><br>**and**<br><br>**DEMAND FOR JURY TRIAL** |

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

Case No. TBD

COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff GEICO County Mutual Insurance Company ("GEICO") alleges as follows:

**JURISDICTION**

1. The jurisdiction of this Court is based on diversity of citizenship pursuant to 28 U.S.C. § 1332 as there is complete diversity as between the Plaintiff and all Defendants and this is a civil action in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2. Plaintiff GEICO is a corporation incorporated under the laws of the State of Texas with its principal place of business in Richardson, Texas.

3. Defendant Ryan A. Anderson is an individual who at all material times herein was a resident of Clark County, Nevada.

4. Defendant Jonathan R. Anderson is an individual who at all material times herein was a resident of Clark County, Nevada.

5. At the time of his death, Walter R. Anderson ("Decedent") was a resident of Clark County, Nevada. Defendant Alixandria Burton is the Special Administrator of the Estate of Walter R. Anderson which was established in Clark County, Nevada.

6. Defendant Andrew James Rodriguez is an individual who at all material times herein was a resident of Comal County, Texas.

7. Defendant David Lara is an individual who at all material times herein was a resident of Comal County, Texas.

8. Defendant Sylvia Y. Rodriguez is an individual who at all material times herein was a resident of Comal County, Texas.

9. An actual case in controversy exists within the meaning of the U.S. Constitution, Article 3, § 2, as between the parties herein, thereby conferring authority upon this Court to exercise jurisdiction over this matter and to grant the relief sought herein pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

**VENUE**

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and (3) because the events giving rise to the action occurred in this District and defendants Ryan A. Anderson and

Jonathan R. Anderson are subject to this court's personal jurisdiction.

## **THE GEICO POLICY**

11. GEICO issued Texas Personal Auto Policy number 4335-88-94-83 to the named insureds David Lara and Sylvia R. Rodriguez (collectively hereinafter the "Named Insureds") for the policy period April 28, 2021 through October 28, 2021 (hereinafter the "GEICO policy"). A true and correct copy of the GEICO policy is attached hereto as Exhibit "A."

12. Under the terms of the GEICO policy, GEICO agrees to "pay damages for *bodily injury* … for which any *covered person* becomes legally responsible because of an auto accident."

13. Under the GEICO policy, "*covered person*" means, as relevant, "[y]ou or any *family member* for the ownership, maintenance or use of any auto", "any person using your covered auto", and "for your covered auto any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Section."

14. The GEICO policy defines "*bodily injury*" as "bodily harm to a person, including resulting sickness or death."

15. On the Declarations Page, the GEICO policy provides that coverage for bodily injury is subject to liability limits of $100,001 "Each Person" / $300,001 "Each Occurrence."

16. The GEICO policy contains the following pertinent language:

**SECTION I – LIABILITY COVERAGE**

\*\*\*

**LIMITS OF LIABILITY**

1. The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability is the most we will pay for all ***bodily injuries*** to any one person in any one auto accident. The limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is the most we will pay for all ***bodily injuries*** resulting from any one auto accident, regardless of how many people are injured. The limit of liability shown in the Declarations for "each accident" for

Property Damage Liability is the most we will pay for all damages to all property resulting from any one auto accident.

This is the most we will pay regardless of the number of:

a.   *Covered persons*;

b.   Claims made;

c.   Vehicles or premiums shown in the Declarations; or

d.   Vehicles involved in the auto accident.

## THE UNDERLYING *ANDERSON* ACTION

17.   Defendants herein Ryan A. Anderson, Jonathan R. Anderson, and Alixandria Burton as Special Administrator of the Estate of Walter R. Anderson (collectively referred to herein as the "Andersons") filed a lawsuit on July 22, 2021 against Defendants herein Andrew James Rodriguez (hereinafter "Rodriguez"), Sabrina Juenger, Keaton Scott Luther, Luther Capital, LLC, Scott L. Huss, All Star Cars, LLC, Cory McCormack, and Joseph Cuellar in Clark County District Court, Nevada, Case No. A-21-838344-C (hereinafter the "Underlying *Anderson* Action").[1] A true and correct copy of the Complaint is attached hereto as Exhibit "B." ("The Complaint.")

18.   The Complaint alleges that on or about June 5, 2021, Keaton Scott Luther was the registered owner of a 2017 Lamborghini Huracan (hereinafter the "Subject Vehicle").

19.   The Complaint further alleges that the Subject Vehicle was owned by Luther Capital, LLC which, by and through a business relationship with All Star Cars, LLC, would sublease the Subject Vehicle to third parties.

20.   In addition, the Complaint alleges that on or about June 5, 2021, Defendants Keaton Scott Luther, Luther Capital, LLC and All Star Cars, LLC did in fact sublease and/or rent the Subject Vehicle to Defendants Sabrina Juenger and Scott L. Huss for the benefit of Rodriguez who allegedly did not have a valid driver's license at the time and thereby could not, under Nevada law, rent the vehicle directly.

---

[1] For purposes of this declaratory relief action, Defendants in the Underlying *Anderson* Action, Sabrina Juenger, Keaton Scott Luther, Luther Capital, LLC, Scott L. Huss, All Star Cars, LLC, Cory McCormack, and Joseph Cuellar, are referenced herein only for factual background.

21. The Complaint goes on to allege that in the late evening hours of June 5, 2021, Rodriguez operated the Subject Vehicle while intoxicated at an excessively high rate of speed at which time he rear-ended a 2017 Tao Tao Moped which was owned and then being operated by the Decedent.

22. The Complaint alleges that the rear-end impact resulted in fatal injuries to Decedent whom was pronounced dead on or about June 6, 2021.

23. In their Complaint, the Andersons seek damages against Rodriguez asserting causes of action for Negligence, Negligence Per Se under NRS 484B.127 and 484B.653, Negligence Per Se/Driving Under the Influence under NRS 484C.110, 484C.130 and/or 484C.430, and Wrongful Death, as well as punitive damages.

## **FIRST CAUSE OF ACTION – DECLARATORY RELIEF**
### **(Against All Defendants)**

24. GEICO hereby incorporates the allegations stated in paragraphs 1 through 23 above as though fully set forth herein.

25. Rodriguez was covered as a covered person under the terms and conditions of the GEICO policy for purposes of the subject accident that occurred on June 5, 2021.

26. Accordingly, GEICO is defending Rodriguez in the Underlying *Anderson* Action.

27. The Andersons have demanded the total "Each Occurrence" limits of $300,001 under the provisions of the GEICO policy.

28. However, under the GEICO policy, the maximum amount of available recovery to the Andersons for the June 5, 2021 loss is the "Each Person" limit of $100,001.

29. The claims, damages or causes of action alleged and/or maintained by the Andersons are not subject separate policy limits in excess of the "Each Person" limits of the coverage available to Rodriguez, and provided by GEICO under the terms and conditions of the GEICO policy.

30. Coverage for the Andersons' derivative claims in the Underlying *Anderson* Action under the GEICO policy in excess of the "Each Person" limits is barred pursuant to the holding in *Nationwide v. Moya*, 108 Nev. 578, 837 P.2d 426 (1992), which supports GEICO's good faith position that only a single "Each Person" limit of $100,001 is available under the GEICO policy to

compensate the Andersons for any damages or loss. Texas law is in accord. *See, e.g., Cradoct v. Emps. Cas. Co.*, 733 S.W.2d 301 (Tex. App. 1987), writ refused (Sept. 16, 1987); *McGovern v. Williams*, 741 S.W.2d 373 (Tex. 1987); *Manriquez v. Mid-Century Ins. Co. of Texas*, 779 S.W.2d 482, 485 (Tex. App. 1989) disapproved of on other grounds by *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819 (Tex. 1997).

31. There is presently a dispute between Plaintiff and Defendants regarding the extent of insurance coverage available under the GEICO policy specifically for any derivative claims arising out of the subject accident as outlined in the Underlying *Anderson* Action. Specifically, where one person is injured (including fatally) in an accident, the each person limit applies, regardless of the number of persons damaged as a result of the accident. Thus, any claims for care, loss of services, loss of consortium or injury to any interpersonal relationship, are derivative of a claim for bodily injury resulting in the death of the individual involved in the accident and are subject to the "Each Person" limit of $100,001.

32. GEICO alleges that the Andersons' derivative claims as described in the Underlying *Anderson* Action are subject to the "Each Person" limit under the GEICO policy of $100,001.

33. GEICO is entitled to a declaration by this Court that coverage under the GEICO policy is limited to the "Each Person" limit of $100,001.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks that the Court:

1. Declare the rights of the parties under the GEICO policy no. 4335-88-94-83;
2. Declare that the claims of Ryan Anderson, Jon Anderson and Alixandria Burton as Special Administrator of the Estate of Walter R. Anderson are all derivative in nature arising from the death of Decedent Walter R. Anderson, and that under the terms and conditions of GEICO policy no. 4335-88-94-83, they are not entitled to recover from GEICO on any judgment in the Underlying Action entitled *Anderson v. Rodriguez,* Clark County District Court, Nevada case no. A-21-838344-C against any covered person in excess of the $100,001 "Each Person" limit;
3. Declare that Plaintiff is entitled to its costs of suit; and

4. Declare that Plaintiff is entitled to any other rights and/or relief as this Court might deem just and proper.

Dated: June 27, 2023                             McCORMICK, BARSTOW, SHEPPARD,
                                                 WAYTE & CARRUTH LLP


                                          By:      /s/ Jonathan W. Carlson
                                                 Jonathan W. Carlson
                                                 Nevada Bar No. 10536
                                                 Mandy Vogel
                                                 Nevada Bar No. 16150
                                                 Attorneys for Plaintiff
                                                 GEICO County Mutual Insurance Company


Dated: June 27, 2023                             McCORMICK, BARSTOW, SHEPPARD,
                                                 WAYTE & CARRUTH LLP


                                          By:      /s/ James P. Wagoner
                                                 James P. Wagoner
                                                 California Bar No. 58553
                                                 *(Pro Hac Vice Pending)*
                                                 GEICO County Mutual Insurance Company

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

7                                                                     Case No. TBD
COMPLAINT FOR DECLARATORY JUDGMENT

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury.

Dated:  June 27, 2023

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: _____/s/ Jonathan W. Carlson_____
Jonathan W. Carlson
Nevada Bar No. 10536
Mandy Vogel
Nevada Bar No. 16150
Attorneys for Plaintiff
GEICO County Mutual Insurance Company

9152184.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET ROAD, SUITE 350
LAS VEGAS, NV 89113

8

Case No. TBD

COMPLAINT FOR DECLARATORY JUDGMENT